UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

IN RE:   Alexander Pichardo,                              Case #20-10035-BAH
                    Debtor.                                            Chapter 13

ORDER CONFIRMING DEBTOR'S AMENDED CHAPTER 13 PLAN
DATED MAY 15, 2020
AND
ORDER SETTING DEADLINES FOR CERTAIN ACTIONS

After notice and due consideration regarding the confirmation of the debtor's Amended Chapter 13 Plan, the Court finds that the Amended Plan complies with all provisions of the United States Bankruptcy Code and that it is in the best interests of all creditors, the Debtors and the estate.

It is hereby ORDERED that the debtor's Amended Chapter 13 Plan dated May 15, 2020 is confirmed as filed or as modified at the plan confirmation hearing, subject to (i) resolution of actions to determine the avoidability, priority, or extent of liens, (ii) resolution of all disputes over the amount and allowance of claims entitled to priority, (iii) resolution of actions to determine the allowed amount of secured claims, and (iv) resolution of all objections to claims.  Terms of the debtor's Amended Plan not expressly modified by this order are incorporated in this order and made a part hereof by reference.

**I.  The Court retains jurisdiction to make such other and further orders as may be necessary or appropriate to effectuate the plan and this order.**

A.  The debtor shall make payments in the amount of $613.60 per month for 3 months, followed by payments of $704.60 per month for the remaining 57 months, commencing February 9, 2020.  The total of all Plan payments will be $42,003.00.  In addition, any annual tax refunds received in excess of $1,200.00 shall be remitted to the Chapter 13 Trustee as additional Plan payments.

B.  The Amended Plan is confirmed on an interim basis, and in due course an Objection to Certain Claims and Motion for Authorization to Pay Certain Claims will be filed which will authorize payments to creditors. The amount available for allowed unsecured claimants will be determined following notice and hearing after the bar date for filing claims has passed.

**C. The priority, secured, and administrative claims as of the date of this Order are as follows:**

1. Attorney Gregory Kalpakgian (priority attorney fee claim; subject to approval of the Court)     1,000.00
2. Home Point Financial Corporation (secured residential first mortgage arrearage claim; per Proof of Claim)     35,196.00
3. Hanscom Federal Credit Union, secured vehicle loan arrearage claim; per Proof of Claim)     110.00
4. Comenity Bank/GFS/Resurgent Capital Services (modified secured claim; see Special Provisions below)     1,475.00
5. Chapter 13 Trustee fees and expenses     4,200.30

**D. Secured claims with regularly scheduled payments to be made directly by the debtor:**

Home Point Financial Corporation; residential first mortgage re:

> 6 Pond Drive
> Manchester, New Hampshire

Hanscom Federal Credit Union; secured vehicle loan re:

> 2015 Yamaha Bolt Motorcycle

## II. Special Provisions:

1. The secured claim regarding the jewelry held by Comenity Bank/GFS/Resurgent Capital Services will be modified. The debtor will pay its secured claim of $1,475.00 with 0% interest over 60 months, for total payments of $1,475.00.

## III. It is FURTHER ORDERED as follows:

A. If the Amended Plan contemplates litigation or the sale of assets as a source of funding, the debtor shall file application(s) to employ the necessary professionals within 30 days of the date of this order.

B. As soon as practicable after the claims bar date, but no later than 90 days thereafter, the Trustee shall file an Objection to Certain Claims and Motion for Authorization to Pay Certain Claims and, if warranted, a Motion to Avoid Judicial Liens. Upon entry of an Order on such motion(s), the Plan shall be deemed amended to conform to the Order. Failure to file a motion seeking avoidance of judicial liens within the time provided by this paragraph does not bar such a motion at a later time.

C. Except as otherwise addressed in the Objection to Certain Claims and Motion for Authorization to Pay Certain Claims, all objections to claims, all actions to determine the avoidability, priority or extent of liens, all actions concerning the allowance or amount of claims entitled to priority under Sec. 507, and all actions to determine value of collateral pursuant to Sec. 506, shall be filed no later than 30 days after the Objection to Certain Claims and Motion for Authorization to Pay Certain Claims is filed.

**ORDER:**

After due consideration, the debtor's Amended Plan dated May 15, 2020 is hereby confirmed.

Date: June 16, 2020

/s/ Bruce A. Harwood

Bruce A. Harwood
Chief Bankruptcy Judge